No. 38,360

STATE OF KANSAS, *Appellee,* v. EDDIE GODSOE, *Appellant.*

(230 P. 2d 1012)

Opinion filed May 12, 1951.

*John Madden, Jr.,* of Wichita, argued the cause and *E. E. Sattgast,* of Wichita, was with him on the briefs for the appellant.

*Lelus Brown,* county attorney, argued the cause, and *H. R. Fatzer,* attorney general, and *C. H. Hughes,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order of the district court dismissing an appeal from an order of the probate court adjudging appellant guilty of a direct contempt of court.

On October 14, 1950, appellant was cited for and adjudged to be guilty of direct contempt of court by the probate court of Harvey County and was sentenced to confinement in the county jail "for a period of 30 days or until he is discharged according to law." A commitment was issued forthwith but on the same day execution of the judgment was suspended.

On October 16, 1950, appellant, in attempting to appeal to the

district court from the judgment of the probate court, filed his appeal bond in the amount of $500. This bond was approved by the probate court.

No written notice of appeal was served upon anyone and none was filed in the probate court.

After the files of the case were transmitted to the district court the county attorney filed a motion to dismiss the appeal on the grounds (1) the district court had no jurisdiction to hear an appeal from an order of the probate court on the subject of contempt, and (2) the appeal had been improperly perfected and did not comply with the criminal statutes for appeals.

The record is silent concerning just what questions were argued to the district court, but on December 7, 1950, that court sustained the motion to dismiss the appeal on the grounds that (1) an appeal in such a case is from the probate court direct to the supreme court, (2) the district court was without jurisdiction, and (3) the appeal was not properly perfected as provided by law.

Appellant specifies as error each of those three rulings, together with the order of dismissal.

In this court various arguments are made concerning the inherent power of courts to punish for contempt; the right, or lack thereof, to have such orders reviewed by higher courts, and the procedure to be followed in order to secure such review. We have noted these contentions but in our opinion they require no discussion, and neither are we concerned with the question whether an appeal would lie direct to this court from a court inferior to the district court. Under the facts of this case the entire matter is covered by statute.

G. S. 1949, 59-302, provides:

"The probate courts, in addition to their general jurisdiction, shall have power:

. . . . . . . . . . . . . .

"(10) To punish for contempt."

G. S. 1949, 59-2401, provides:

"An appeal to the district court may be taken from any of the following orders, judgments, decrees, and decisions of the probate court: . . . (16) An order adjudging a person in contempt."

G. S. 1949, 59-2405, provides:

"To render the appeal effective: (1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, de-

cree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit. . . ."

Appellant frankly admits that no written notice of appeal was served upon anyone and that none was filed with the probate court, but he argues that under the facts of this case none was necessary, and that when the probate judge, who was the only "adverse party" involved, approved the appeal bond he, the probate judge, thus had actual notice of appellant's intention to appeal and therefore the purpose and intent of the statute were complied with.

We find no such exception or distinction in the statute. Its mandate is plain and unambiguous, and to render the appeal effective it was necessary to comply with its provisions. Here the probate court had power to punish for contempt. Its order was appealable to the district court, but on account of appellant's failure to comply with the statutory requirement relating to service and filing of a written notice of appeal such appeal was ineffective and was properly dismissed. The judgment of the district court is therefore affirmed.